UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QIUTONG WANG,<br><br>Petitioner,<br><br>-v-<br><br>MARKWAYNE MULLIN *et al.*,<br><br>Respondents. | 26 Civ. 6289 (PAE)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

This decision resolves a habeas corpus petition brought by Qiutong Wang, a noncitizen in immigration detention. On July 23, 2026, Wang, a citizen of China, was detained by U.S. Immigration and Customs Enforcement ("ICE" or "Respondents") at John F. Kennedy Airport ("JFK"). ICE detained Wang based on a notification it received from the Transportation Security Administration ("TSA"), which, days earlier, had alerted ICE to Wang's overstaying his B-2 temporary visa. Wang challenges his on-going detention by ICE as unconstitutional, contending that no changes to his individual circumstances justified the decision to detain him. ICE opposes, maintaining that it exercised sufficient individualized discretion in effecting his detention and afforded him a bond hearing on August 21, 2026, consistent with the process due under § 1226(a).

The Court finds that in detaining Wang pursuant to § 1226(a), ICE made an individualized custody determination, and that ICE provided Wang with a bond hearing before an immigration judge ("IJ"). What—if anything—remains before the Court to resolve is narrow: whether the bond hearing Wang received was consistent with constitutional due process. As to that point, the record is opaque: During the expedited proceedings to date, neither Wang nor

Respondents have reported (let alone documented) the standard applied or the IJ's reasoning at the August 21, 2026 hearing.[1]

Accordingly, the Court directs Respondents to file a letter on the docket of the case by Thursday, September 17, 2026, (1) stating whether Wang received a hearing at which the Government bore the burden of proof and what that burden was, and (2) substantiating those representations with the transcript of the hearing. To the extent the Court thereafter finds that Wang has not received a bond hearing at which the Government bore the burden of proving, by clear and convincing evidence, that Wang is a danger to the community or a flight risk, the Court would then direct the Government to provide him, forthwith, with a bond hearing before an IJ consistent with this framework. *See Guedez v. Catletti*, No. 26 Civ. 2463, 2026 WL 962575, at *2 (S.D.N.Y. Apr. 9, 2026).

## I. Background

On August 4, 2022, Wang lawfully entered the United States via San Jose, California on a B-2 visa—a temporary visa for individuals traveling for tourism, visiting friends, or medical treatment. Dkt. 13-1 ("I-213") at 2. On December 16, 2022, Wang filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS'). Dkt. 15 ("So Decl.") ¶ 5. On

[1] On July 23, 2026, Wang filed the petition in this case. Dkt. 1. On July 24, after the petition was assigned to this Court, the Court set a briefing schedule and enjoined his removal from the United States pending a ruling on the petition. Dkt. 11. On July 30, 2026, ICE opposed the petition, Dkt. 14, attaching exhibits, Dkt. 13, and a declaration from ICE Deportation Officer Micheol So, Dkt. 15, as support. On August 12, 2026, ICE notified the Court that Wang's bond hearing, which had been scheduled for August 4, 2026, had been postponed until August 21, 2026. Dkt. 16. On August 24, 2026, Wang reported the outcome of the August 21 hearing, which denied his request for a change in custody status, and renewed his request for release. Dkt. 17. He also requested that the Court order a bond hearing at which the Government bears "the burden of demonstrating by clear and convincing evidence that [he] is either a danger to the community or a flight risk." *Id*

February 3, 2023, Wang's B-2 visa expired, but he did not leave the United States. *Id.* ¶ 4; I-213 at 1.

On or about July 21, 2026, TSA notified ICE that Wang was to be on a flight from California to New York scheduled for July 23, 2026. So Decl. ¶ 6. On July 23, 2026, ICE conducted a database check for Wang, and determined that he had overstayed his B-2 visa and was thus unlawfully present in the United States. *Id.* ¶ 7. That day, ICE issued a warrant for Wang's arrest (a Form I-200), and agents were "tasked with locating and arresting [Wang]." *Id.* ICE conducted a targeted "enforcement operation" at JFK's Terminal 8, at which Wang was the "primary target." *Id.* ICE officers approached an individual who matched Wang's description. *Id.* The officers identified themselves as ICE officers, and requested identification from Wang. *Id.* Wang showed them a California driver's license that bore his name and date of birth. *Id.* Having confirmed the individual was Wang, ICE arrested him pursuant to the I-200 and served him with a copy of the I-200. That day, Wang was transported to the ICE Hold Room at 26 Federal Plaza in Manhattan for processing. *Id.* During processing at 26 Federal Plaza, ICE conducted an "individualized custody determination," which was documented on a form I-286. *Id.* ¶ 9. ICE also completed a "*Velesaca* worksheet"[2] during processing, which determined he was to be detained at the initiation of removal proceedings and that no form of release was possible. *Id.* ICE represents that it detained Wang pursuant to § 1226(a). *Id.*

Also on July 23, 2026, ICE served Wang with a Notice to Appear ("NTA"), charging him, under 8 U.S.C. § 1227(a)(1)(B), with being an inadmissible noncitizen admitted to the

---

[2] A *Velesaca* worksheet—the name derives from the class-action lawsuit, *Velesaca v. Decker*, 458 F. Supp. 3d 224 (S.D.N.Y. 2020)—is an internal risk-assessment tool ICE uses to determine whether a detained noncitizen should be granted bond, released on conditional parole, or detained without bond while awaiting immigration court proceedings.

United States but removable for remaining in the United States for a time longer than permitted. *Id.* ¶ 8. On July 24, 2026, ICE filed the NTA with the Department of Justice's Executive Office for Immigration Review ("EOIR"), thereby commencing removal proceedings. *Id.* ¶ 10. EOIR issued a hearing notice, which directed Wang to appear for a master calendar hearing on August 4, 2026, before an IJ in Elizabeth Immigration Court in Elizabeth, New Jersey. *Id.* That day, Wang was transferred to Delaney Hall Detention Facility in Newark, New Jersey. *Id.* ¶ 11.

On July 27, 2026, ICE filed the I-286 with EOIR. *Id.* ¶ 12. EOIR scheduled a "custody redetermination hearing," or a "bond hearing," for August 4, 2026, at the Elizabeth Immigration Court. *Id.*

At some point between July 27 and August 12, Wang was transferred to the Metropolitan Detention Center in Brooklyn. Dkt. 16. His bond hearing was rescheduled to occur on August 21, 2026, before an IJ in Brooklyn. *Id.*

On August 24, 2026, Wang notified the Court that, at the August 21 hearing, the IJ had denied his request for a "change in custody status." Dkt. 17 ("Chien Decl.") ¶ 1. Wang reiterated his request that the Court order his immediate release, *id.* ¶ 2, or, in the alternative, were the Court to determine he is entitled to "an individualized bond hearing before an [IJ]," order that such occur with the "Government bear[ing] the burden of demonstrating by clear and convincing evidence that Respondent is either a danger to the community or a flight risk," *id.* ¶ 3.

## II. Applicable Legal Standard

Section 2241 of Title 28 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Federal courts have jurisdiction to hear habeas corpus claims by noncitizens

challenging the constitutionality of their detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *see also Trump v. J.G.G.*, 145 S. Ct. 1003, 1005–06 (2025).

**III. Discussion**

Wang's detention is undisputedly governed by 8 U.S.C. § 1226(a). *See* Dkt. 14 at 5 (Respondents, stating that Wang was detained pursuant to 1226(a)); *see also* Dkt. 1 ("Pet.") ¶ 4 (treating detention as under § 1226(a)). The parties dispute, however, whether ICE made an individualized custody determination before detaining Wang on July 23, 2026, and whether the bond hearing held on August 21, 2026 comported with constitutional due process.

As to the first issue, under § 1226(a) and its implementing regulations, ICE officials, before detaining a noncitizen under that authority, must make an "individualized custody determination" and thereafter make available a bond hearing. 8 C.F.R. § 1236(d)(1). ICE breaches that obligation when it makes a custody determination without any "individualized assessment." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020).

Here, ICE complied with that obligation. Shortly after being notified by TSA that Wang was scheduled to travel to New York and had overstayed his B-2 visa, ICE, on that basis, issued a 1-200 warrant, tasked agents with locating Wang at the airport as part of a targeted enforcement operation; and promptly commenced removal proceedings against him. So Decl. ¶¶ 6–8. It then "conducted an initial custody determination for Wang," and completed an individualized risk-assessment worksheet. *Id.* ¶¶ 8–9. These actions make clear that a discretionary and individualized determination was made to detain Wang, keyed to the fact that he had overstayed his visa. *See, e.g.*, *Barbosa da Cunha v. Freden*, 175 F.4th 61, 87 (2d Cir. 2026) (recognizing ICE's authority to detain "noncitizens who overstay visas" under § 1226(a)); *Medley v. Decker*, No. 18 Civ. 7361, 2019 WL 7374408, at *1 (S.D.N.Y. Dec. 11, 2019) (ICE exercised individual discretion in detaining noncitizen under § 1226(a) "on the basis of

overstaying non-immigrant visa"); *Fermin Javier v. Rhoney*, No. 26 Civ. 6076, 2026 WL 787935, at *1 (W.D.N.Y. Mar. 20, 2026) (same).

This case is thus readily distinguishable from ones in which courts have found that ICE failed to conduct *any* kind of individualized assessment. *See, e.g.*, *Chipantiza-Sisalema v. Francis*, No. 25 Civ. 5528, 2025 WL 1927931, at *3 (S.D.N.Y July 13, 2025) (finding absence of discretion where petitioner contended she was detained pursuant to a new ICE policy to "detain individuals immediately after their appearance in immigration court"); *see also Villegas ex rel. Guzman Andujar v. Francis*, 815 F. Supp. 3d 248, 263 (S.D.N.Y. Nov. 18, 2025) (same); *Valdez v. Joyce*, 803 F.Supp.3d 213, 217–19 (S.D.N.Y. 2025) (same); *Barco Mercado v. Francis*, 811 F.Supp.3d 487, 503–04 (S.D.N.Y. 2025) (same); *Bernal Morales v. Joyce*, No. 26 Civ. 6723 (PAE), 2026 WL 2445050, at *7 (S.D.N.Y. Aug. 20, 2026) (same).[3]

As to the second issue, Wang, although not disputing that he received a bond hearing, appears to challenge the conduct of that hearing. *See* Dkt. 17 (Wang, reporting outcome of bond hearing); *see also* Dkts. 14, 16.[4] In *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), the Second Circuit held that due process entitles a noncitizen detained under § 1226(a) to a bond hearing, at which the Government must show, by "clear and convincing evidence," that he is a danger to the community or a flight risk. *Id.* at 846, 848, 855; *see also Medley*, 2019 WL 7374408, at *3 (collecting cases); *Linares Martinez v. Decker*, No. 18 Civ. 6527, 2018 WL

---

[3] Wang cites cases in which noncitizens' bond or parole have been revoked without explanation. Pet. ¶ 23. Those case are inapt—Wang was not on parole. *See* So Decl. ¶¶ 4, 7. He was admitted to the United States on a temporary visa, but remained beyond the period authorized by that visa. *Id.*

[4] Wang's counsel's sparse declaration on this point, Dkt. 17, does not make clear whether Wang—beyond challenging the burden of proof at the bond hearing—means here also to challenge the hearing's outcome. The Court would not have jurisdiction over such a challenge. 8 U.S.C. § 1226(e). It is also unclear whether Wang has appealed the IJ's determination to the Board of Immigration Appeals ("BIA"). Under 8 C.F.R. §§ 1003.38(b) and 1003.3(a)(1), he had 10 calendar days—until August 31, 2026—to do so.

5023946, at *3 (S.D.N.Y. Oct. 17, 2018) (collecting cases). Wang thus was entitled, as a matter of due process:

> to a prompt bond hearing consistent with due process "at which the Government bears the burden of proving, by clear and convincing evidence, that [he] is a danger to the community or a flight risk." *Guedez v. Catletti*, No. 26 Civ. 2463, 2026 WL 962575, at *2 (S.D.N.Y. Apr. 9, 2026). Under federal regulations, noncitizens "detained under § 1226(a) receive bond hearings *at the outset of detention.*" *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)) (emphasis added); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579–80 (2022) (same).

*Adjpop Velasquez v. Arteta et al.*, No. 26 Civ. 5519 (PAE), 2026 WL 2532334, at *7 (S.D.N.Y. Aug. 27, 2026).

The record before the Court is silent whether the procedural standards were followed at Wang's hearing. To assist the Court to resolve that question, the Court directs ICE to file a letter on the docket of this case, stating: (a) which party bore the burden at Wang's August 21, 2026 bond hearing and (b) whether, if the burden was borne by the Government, it required the Government to establish its case by clear and convincing evidence, and attaching a transcript of the hearing. The Court thereafter will determine whether the hearing comported with the governing standards. If not, the Court will promptly order that Wang be afford a prompt bond hearing at which those procedural requirements are followed. *See id.* at *7 (ordering burden-shifted bond hearing); *Mathieu v. Dep't of Homeland Security*, No. 26 Civ. 4630, 2026 WL 1747084, at *7 (S.D.N.Y. June 17, 2026) (same).

## CONCLUSION

For the reasons set forth above, the Court denies Wang's petition insofar as it seeks his outright release. The Court directs Respondents to file a letter on the docket of the case by no later than Thursday, **September 17, 2026** stating (a) which party bore the burden at Wang's August 21, 2026 bond hearing, and (b) whether, if the burden was borne by the Government,

whether it required the Government to prove its case by clear and convincing evidence. Based on this submission, the Court will then promptly determine whether to order a new bond hearing be held, at which this procedural requirements will be met.

Dated: September 15, 2026
New York, New York

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge